UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDDY RAMON MEJIAS
CANIZALEZ,

       *Petitioner*,

v.                                                          Case No. 3:26-cv-1746-JEP-SJH

MARKWAYNE MULLIN, et al.,

       *Respondents*.

_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, to provide him with a bond hearing under 8 U.S.C. § 1226(a). (*See* Doc. 1 at 15). Petitioner alleges that he is a citizen of Venezuela who entered the United States without inspection in October 2021; and immigration authorities detained him for approximately nine days and then "paroled [him] into the United States pursuant to 8 U.S.C. § 1182(d)(5)." (*Id.* at 6. *But see* Doc. 8-1 at 8 (classifying Petitioner as "an alien present in the United States who has not been admitted or paroled")). ICE re-detained Petitioner on June 27, 2026, in Yulee, Florida.

(Doc. 1 at 6). He contends, among other things, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*See id.* at 7–14). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (*See generally* Doc. 1).

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1276 (11th Cir. 2026).[1] The Federal Respondents recognize that "Petitioner is

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the

eligible for a bond redetermination hearing under 8 [] U.S.C. [§] 1226(a), which the United States does not oppose." (Doc. 8 at 1).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[2] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 7) **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't,*

---

Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3

No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at \*2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 17, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

4